Mike S. Khader v. Mohamed Aziz Momin















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-186-CV

     MIKE S. KHADER,
                                                                              Appellant
     v.

     MOHAMED AZIZ MOMIN,
                                                                              Appellee
 

From the 37th District Court
Bexar County, Texas
Trial Court # 96-CI-12429
                                                                                                               

O P I N I O N
                                                                                                               

      Mohamed Momin sued Mike Khader for breach of a lease agreement. After a bench trial, the
court rendered judgment for Momin and awarded damages of $27,259.65. Khader’s sole point of
error is the trial court erred in calculating damages. We modify the judgment of the trial court and
affirm, as modified.
FACTUAL BACKGROUND
      In 1998, Mohamed Momin agreed to lease from Mike Khader a convenience store located at
3107 M. L. King Drive, San Antonio, Texas. Khader agreed to protect Momin’s use and enjoyment
of the lease premises and to pay all real estate taxes levied against the property in consideration for
monthly rent of $1,750. Momin also had a right to purchase the property for $174,000, with a
possible credit of $10,000 for rents paid during the first 10 months of the lease. Khader failed to pay
$27,259.65 in property taxes. Khader also failed to make payments on a mortgage of $136,000 due
to the Small Business Finance Corporation, which caused the property to be sold at a foreclosure sale. 
Momin purchased the property at the sale for $150,500, but was required to pay $27,259.65 in back
taxes, which effectively raised the total purchase cost to $177,759.65. The trial court found Khader
breached the lease and awarded damages of $27,259.65. 
ANALYSIS 
      Khader’s sole point of error asserts the trial court incorrectly calculated the damages. Khader
maintains the damages should have been $3,759.65 using the “benefit of the bargain” rule. He
arrives at this amount by subtracting $174,000, the purchase price under the lease, from
$177,759.65, the amount paid to buy the property out of foreclosure and to pay back taxes. Momin
asserts he was damaged $27,259.65 when he paid the back taxes that were Khader’s responsibility
under the contract.
      Whether the trial judge applied the proper measure of damages is a question of law. Johnson
v. Willis, 596 S.W.2d 256 (Tex. Civ. App.—Waco 1980, writ ref’d n.r.e.). When a vendor is unable
to convey title through no fault of his own, the buyer’s damages are limited to a return of the
purchase price plus interest and expenses. Ryan Mortgage Investors v. Fleming-Wood, 650 S.W.2d
928, 935 (Tex. App.—Fort Worth 1983, writ ref’d n.r.e.). But when the vendor is guilty of fraud,
or has otherwise disabled himself from performing his contractual obligations, the buyer is entitled
to recover for the loss of his bargain. Matthewson v. Fluhman, 41 S.W.2d 204, 207 (Tex. Comm’n
App. 1931). Momin contracted to purchase the property for $174,000. Khader’s failure to make
mortgage payments resulted in foreclosure, thus preventing Khader from conveying title. Momin is
therefore entitled to recover for the loss of his bargain. See Matthewson, 41 S.W.2d at 207. Momin
and his brother eventually obtained the property at the foreclosure sale for $150,500 plus $27,259.65
in back taxes, totaling $177,759.65. Although Momin had to satisfy the tax debt to purchase the
property, that amount is considered part of the purchase price in determining whether Momin
received the benefit of his bargain. Because Momin eventually procured the property for $3,759.65
more than he agreed to pay under the contract, his damages are $3,759.65.
      The trial court’s judgment is modified to allow Momin to recover from Khader $3,759.65 plus
interest at the rate of 10% per annum from February 9, 1998.
      Appellee Momin also asserts by cross-point that appellant failed to plead the affirmative defense
of accord and satisfaction and that appellant’s allegation is based on discharge of a smaller amount. 
We do not understand appellant to be asserting a defense of accord and satisfaction; rather, he asserts
the trial court erred in applying the wrong measure of damages. Momin’s cross-point is overruled.
      The judgment of the trial court is affirmed as modified.
 
                                                                         ROBERT M. CAMPBELL
                                                                         Justice (Sitting by Assignment)

Before Justice Vance,
      Justice Gray and 
      Justice Campbell (Sitting by Assignment)
      (Justice Gray dissenting)
Affirmed as modified
Opinion delivered and filed June 9, 1999
Do not publish